KAPUT *v.* CITY OF CLEVELAND.

[Cite as Kaput v. Cleveland, 21 Ohio Misc. 121.]

(No. 803818—Decided November 17, 1969.)

Common Pleas Court of Cuyahoga County.

*Mr. Aaron Jacobson* and *Messrs. Dudnik, Komito, Nurenberg, Plevin, Dempsey & Jacobson,* for plaintiff.
*Mr. Joseph Lombardo* and *Messrs. Burke, Haber & Berick,* for defendant.

WHITING, J.   The city of Cleveland (Cleveland Transit System), defendant herein, seeks a new trial.   Among the grounds urged in support of defendant's motion is its contention there was prejudicial misconduct during voir dire on the part of two jurors who failed to reveal personal injury claims they had previously made against the defendant.

During voir dire, counsel for both sides examined the jurors regarding their prior accident experience generally

and with the Cleveland Transit System in particular. Taking into consideration the examination and the evidence admitted at the hearing on defendant's motion for new trial, the court finds that juror Rosa Pinson wilfully failed to disclose two prior personal injury claims she made against the defendant by reason of its operation of the Cleveland Transit System. One of these claims culminated in a lawsuit filed by Mrs. Pinson in 1966 and voluntarily dismissed by her without compensation a few days before this trial commenced.

Until shortly after the verdict was rendered, neither defense counsel nor the defendant's Claims Department representative at the trial table had actual personal knowledge of Rosa Pinson's accident experience with the Cleveland Transit System. On the other hand, they did know that the defendant had in its Claims Department readily available information listing all persons who had made claims of this kind for the past 30 years. They knew this information was maintained specifically for their use in the defense of claims of this kind and for use during trial in the examination of jurors and witnesses. Significantly, they intended to refer to this information after the verdict was rendered for the purpose of seeking a new trial should they find the verdict unsatisfactory.

This latter fact, regarding the intent of defense counsel and defendant's representation at the time of the voir dire, is proven by their long experience serving The Cleveland Transit System in matters of this kind; their skill in the defense of personal injury claims; the content, nature and purpose of the information in question; their knowledge that this information was maintained for their use; the ready availability of the information; the very fact of their reference to that information shortly after the announcement of a verdict they regard as unsatisfactory, and the record of defendant's long-established practice of reviewing this same information for this same purpose after prior unsatisfactory verdicts, as is shown by the records in this court and in the Supreme Court of Ohio. (See *Maggio v. Cleveland* [1949], 151 Ohio St. 136.)

The law is clear that the disqualification of a juror

which the exercise of due diligence would have discovered prior to verdict, is not a sufficient ground for a new trial upon motion made after verdict. 40 Ohio Jurisprudence 2d, New Trial, Section 17. Speaking generally of this rule, Ranney, J., in *Eastman* v. *Wright* (1854), 4 Ohio St. 157, 161, said:

"This is indispensible, to prevent constant mistrials, and to protect the rights of the adverse party; otherwise the party afterward taking the exception might lie by and take the chances of a verdict in his favor, and if given adversely, be entitled to a new trial, as a matter of course."

In the view of this court, if a party knowingly has in his possession readily available information listing persons who have made claims against him, which information is maintained by him for reference in connection with claims, trials, jury selection, witness examination and the like and to which he intends to refer after a verdict for the purpose of seeking a new trial in the event he regards such verdict as unsatisfactory, then he has an obligation to review such information during the trial in such timely manner as circumstances permit and to promptly make his objection, if any, predicated upon the information thus maintained. In absence of special circumstances excusing the same, a failure to carry out this obligation and make timely objection prior to verdict indicates such a lack of due diligence as to waive any objection grounded upon information gleaned from that source.

*Maggio* v. *Cleveland* (1949), 151 Ohio St. 136, does not hold that actual knowledge of a juror's disqualification is essential to a waiver of this kind, and should not be so construed. Further, there were no findings in the *Maggio case* that the information involved was maintained for this purpose and was readily available, or that there was ample time and opportunity to search and review the information prior to verdict, or that defense counsel intended to make such search and review after trial if disappointed by the verdict. Further, the decision in *Maggio* was predicated upon a combination of misconduct of jurors, misconduct of counsel and, as observed by the Supreme Court, the fact that "the jury was, to say the least, extremely gener-

ous." To say that the Supreme Court found an abuse of discretion by the trial court in *Maggio* is not to say that they would do so in the present case. In passing, it may be observed that the *Maggio case* was decided in 1949 and that methods of information retrieval have improved considerably during the last twenty years. At the present time, according to the evidence, the defendant can check out a juror in fifteen to thirty minutes and constantly maintains a staff of ten or twelve people in the department where the information is on file. While not pertinent, it may be noted that as and when this information is stored in computers, retrieval will be instantaneous.

Among the special circumstances possibly excusing review and objection prior to verdict would be the speed with which a trial is concluded. No such circumstance appears here, where the trial extended over a week-end and consumed a total of seven or eight days.

Nor does it excuse objection before verdict where, as here, the juror wilfully failed to disclose information upon voir dire as to the very questions in issue, *i. e.*, as to her prior claims against the Cleveland Transit System.

The defendant, during voir dire, was aware of its ability to readily verify Rosa Pinson's answers by its own records, and fully intended to do so after the verdict. If the defendant intended to, and could, readily make such verification after the verdict, it could, at least in this case, have done so before the verdict. It should have done so.

There is nothing in the record other than the mere presence of Rosa Pinson to suggest the possible influence of passion or prejudice on her part. Defendant's objection to her presence on the jury having been waived, the verdict can not be disputed on the ground of her participation in absence of affirmative proof that she was in fact influenced by passion or prejudice.

The issue raised by defense counsel regarding the presence of John Sulitis on the jury is of similar nature and subject to the same disposition as the issue regarding Rosa Pinson.

Defendant's motion for new trial will be overruled.

*Motion overruled.*